IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry L. Franklin, #132862, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>John Palmer, Warden, )<br>)<br>Respondent. )<br>) | Case No.: 1:24-cv-04773-JD-SVH<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges (DE 26) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Respondent Warden John Palmer's ("Respondent" or "Palmer") Motion to Dismiss (DE 19) Petitioner Jerry L. Franklin's ("Petitioner" or "Franklin") habeas petition brought under 28 U.S.C. § 2254 (DE 1).[1]

**A. Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Petitioner, currently incarcerated at McCormick Correctional Institution in South Carolina, seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (DE 1 at 1.) On March 10, 1986, Petitioner entered a guilty plea in South Carolina state

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

court to one count of murder and one count of assault and battery with intent to kill ("ABIK"). (DE 19-4 at 3.) He was sentenced to life imprisonment with eligibility for parole after serving twenty years on each conviction. (*Id.*)

On December 15, 1992, Petitioner filed his first federal habeas corpus petition, which was dismissed. (DE 19-4 at 3–4.) Petitioner appealed the dismissal to the United States Court of Appeals for the Fourth Circuit, which issued an opinion on June 21, 1994, dismissing the appeal. *See Franklin v. Taylor*, 28 F.3d 1209 (4th Cir. 1994). Petitioner filed a second habeas petition on April 8, 2002, which the Fourth Circuit dismissed on May 14, 2002. (DE 19-4 at 2–9, 18.)

On May 5, 2023, Petitioner filed a motion in the Fourth Circuit seeking authorization to file a third habeas petition. (DE 19-1 at 1–8 (motion), 9–23 (proposed petition).) The Fourth Circuit denied the motion on June 2, 2023. (DE 19-3 at 1.)

On September 12, 2024, Petitioner filed the instant habeas corpus petition—his fourth—asserting these grounds for relief:

- **Ground One: Lack of Subject Matter Jurisdiction**

  *Supporting Facts:* Petitioner contends the state circuit court lacked subject matter jurisdiction to accept his guilty plea to murder because the death in question was not ruled a homicide by a coroner or medical examiner, a prerequisite for a murder charge under South Carolina law.

- **Ground Two: Ineffective Assistance of Counsel**

  *Supporting Facts:* Petitioner alleges that plea counsel rendered ineffective assistance by failing to inform him, prior to entering his guilty plea, that the circuit court lacked subject matter jurisdiction to accept a plea to a non-existent offense under state law.

- **Ground Three: Ineffective Assistance of Counsel**

  *Supporting Facts:* Petitioner further asserts ineffective assistance based on counsel's failure to advise him that the State could not establish the *corpus*

2

*delicti* because the death certificate was incomplete and unsigned by a coroner or medical examiner, and did not classify the death as a homicide.

- **Ground Four: Prosecutorial Misconduct**

    *Supporting Facts:* Petitioner claims that the prosecution engaged in misconduct by: (A) submitting an incomplete and invalid death certificate to establish the *corpus delicti*; (B) committing fraud upon the court by presenting a certificate that lacked the requisite coroner or medical examiner signature; and (C) submitting a certificate that did not classify the death as a homicide.

- **Ground Five: Actual Innocence**

    *Supporting Facts:* Petitioner asserts a claim of actual innocence predicated on procedural rather than substantive grounds, contending that his conviction was the result of ineffective assistance of counsel and the prosecution's reliance on fraudulent evidence.

(DE 1.)

### B. Report and Recommendation

On February 10, 2025, the Magistrate Judge recommended granting Respondent's motion to dismiss and dismissing Petitioner's habeas petition. (DE 26 at 8.) The Magistrate Judge determined that the Court lacks jurisdiction to consider the petition because Petitioner failed to obtain the requisite authorization from the United States Court of Appeals for the Fourth Circuit before filing a successive habeas petition, as mandated by 28 U.S.C. § 2244(b)(3)(A). (*Id.* at 6–7.) The Magistrate Judge rejected Petitioner's argument that no authorization was required under § 2241, concluding that the petition was properly construed as one under § 2254 since it challenged the legality of Petitioner's conviction and sentence. (*Id.*)

Additionally, the Magistrate Judge found that Grounds One through Three had been previously raised and rejected in earlier proceedings, and that Ground Four—though new—was based on allegations that could have been raised in the

initial habeas petition. (*Id.* at 7–8.) Because Petitioner failed to satisfy the statutory requirements for raising successive claims or presenting newly discovered evidence, the Court recommended dismissal with prejudice. (*Id.* at 8.) Petitioner objected to the Report on February 27, 2025. (DE 28.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Petitioner's Objections

Petitioner's objections, although long and primarily directed at the merits of his claims, fall within several discernible categories:

1. **Mischaracterization of Petition Type and Subject Matter Jurisdiction**:
   Petitioner contends that the Magistrate Judge improperly construed his petition as one brought under 28 U.S.C. § 2254 when he intended to proceed

under § 2241. He argues that petitions under § 2241 are not subject to the successive petition requirements of 28 U.S.C. § 2244(b), including the requirement for prior authorization from the Fourth Circuit. (DE 28 at 1–3, 8–11, 14–17.)

2. **Jurisdictional Challenge**:

   Petitioner reiterates his claim that the South Carolina circuit court lacked subject matter jurisdiction to accept his guilty plea for murder because the alleged victim's death was not classified as a homicide by a coroner or medical examiner, thereby failing to meet the statutory definition of a criminal offense. (DE 28 at 5–7.)

3. **Actual Innocence and Miscarriage of Justice**:

   Petitioner argues that he satisfies the "actual innocence" exception to the procedural bar on successive petitions. He contends that his conviction is based on legally insufficient and fraudulent evidence—specifically, an unsigned and invalid death certificate—and that failure to review his claims would result in a fundamental miscarriage of justice. (DE 28 at 6–9, 11, 22–24.)

4. **Ineffective Assistance of Counsel**:

   Petitioner renews his argument that plea counsel rendered constitutionally ineffective assistance by failing to advise him of the jurisdictional defect and by failing to challenge the validity of the death certificate relied upon in support of the plea. (DE 28 at 8–13, 17–22, 27–32.)

5. **Procedural Fairness and Liberal Construction**:

   Petitioner argues that, as a pro se litigant, his pleadings are entitled to liberal construction. He contends that the Magistrate Judge failed to afford the necessary leniency and instead relied on procedural technicalities inconsistent with governing precedent. (DE 28 at 3–5.)

6. **Exhaustion and Futility**:

   Petitioner asserts that seeking authorization from the Fourth Circuit would be futile given the constitutional magnitude of his claims and urges the Court to excuse this requirement. (DE 28 at 12–14.)

A.   **Jurisdictional Framework**

Since Petitioner's objections hinge on whether this Court has jurisdiction, the Court will address this dispositive question first. Petitioner asserts that the Court has jurisdiction to hear his § 2241 petition without prior authorization because § 2241

is not governed by § 2244(b)'s procedural requirements. (DE 28 at 2.) In support, he relies on *United States v. Little*, 392 F.3d 671 (4th Cir. 2004), among other cases, and argues that the Court must hear successive claims "when required to do so by the ends of justice." (*Id.* at 3.)

However, Petitioner's reliance on § 2241 is misplaced. As the Magistrate Judge correctly observed, challenges to the validity of a conviction or sentence are properly brought under § 2254 (for state prisoners) or § 2255 (for federal prisoners), not under § 2241. See *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). Section 2241 is reserved for challenges to the execution or manner of a sentence, not its validity. Here, Petitioner challenges the lawfulness of his underlying conviction, and accordingly, the Magistrate Judge properly construed the petition under § 2254. (DE 26 at 6.) Petitioner's objection does not demonstrate any legal error in this conclusion and is therefore overruled.

Moreover, his reliance on *Little* is unavailing. The Fourth Circuit in *Little* held that when a filing is more properly construed as a successive § 2255 petition, the court will treat the brief as a request for authorization to file such a petition. *Id.* at 679. That holding does not support the proposition that a district court may disregard § 2244(b)'s procedural requirements. Federal law is clear: a claim presented in a second or successive habeas application under § 2255 that was already raised in a prior application must be dismissed. 28 U.S.C. § 2244(b)(4). Petitioner does not dispute that Grounds One, Two, and Three were previously presented and rejected by the Fourth Circuit. Accordingly, this objection is overruled.

6

**B. Ineffective Assistance of Counsel**

As for Petitioner's ineffective assistance claim, the Report notes that this issue was not previously raised. (DE 26 at 7.) Nevertheless, the Magistrate Judge found that the claim was waived because Petitioner failed to respond to Respondent's argument that the prosecution did not have to introduce a death certificate, particularly where Petitioner entered a guilty plea and thereby waived his right to a jury trial and all related defenses. (DE 26 at 7; see also DE 25.) Furthermore, the Magistrate Judge concluded that this issue could have been raised in the original habeas petition. (DE 26 at 8.) Petitioner's objections do not demonstrate error in these findings, and his objection is therefore overruled.[2]

**E. Conclusion**

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 26) in its entirety and incorporates it herein by reference.

**It is, therefore, ORDERED** that Respondent's Motion to Dismiss (DE 19) is GRANTED, and Petitioner's § 2254 Petition (DE 1) is DISMISSED with prejudice.

**It is further ORDERED** that a certificate of appealability is DENIED because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2] Because Petitioner's remaining objections depend on the jurisdictional argument that the Court has rejected, the Court lacks authority to consider those issues and therefore does not address them.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 9, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.